Silverberg et ux., Appellants, *v.* Downingtown Farmers Market and Auction.

84

Argued December 18, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*G. Clinton Fogwell, Jr.*, with him *Robert W. Lentz*, and *Reilly and Fogwell*, for appellants.

*John M. Kurtz, Jr.*, for appellee.

OPINION BY WOODSIDE, J., March 24, 1960:

This is an appeal from an order granting a new trial after a verdict for the plaintiffs in a trespass action brought to recover for damages to the plaintiffs' merchandise.

The plaintiffs had rented a stall at the Downingtown Farmers Market and Auction where they sold magazines and wearing apparel. On April 6, 1956, after they had paid their rent for that and the following day, they were told at about 11 o'clock at night to leave immediately. After protesting without avail that they had paid rent for the next day, the plaintiffs closed their stall and told a representative of the defendant company that they would return the next day for their merchandise. That night after the plaintiffs left, the representative of the defendant loaded the plaintiffs' merchandise on to a truck and left it out in the rain. Later the defendant delivered the merchandise to the plaintiffs' home in Philadelphia. The merchandise was so badly damaged by exposure to the weather that it was sold as junk for $20. The plaintiffs sued for the damage and received a verdict in their favor for the amount claimed.

The court's reason for granting a new trial was set forth in its opinion as follows: "The jury was instructed that the basic measure of damages was the market value of the plaintiffs' merchandise which was destroyed or damaged by the negligent conduct of the defendant in exposing the same to the effects of the weather. The amount of the verdict was predicated solely upon the testimony of Frances Silverberg relating to value of the merchandise. A review of that equivocal testimony satisfies us that, although in form the witness testified to the market value of the merchandise at the time of its destruction or damage, in fact she was merely testifying to the price which the records of the plaintiffs showed had been paid by the

plaintiffs for the merchandise at some unspecified time or times.

"In these circumstances, the verdict in that respect was against the evidence (because the evidence would support a verdict for nominal damages only) and, therefore, in justice should not stand. For this reason alone, a new trial will be awarded."

Frances Silverberg is the daughter of the plaintiffs. She was associated with them in their business since 1936, and kept their books. She testified that she was familiar with the wholesale market value of her parents' goods immediately prior to the damage and that the value of the wearing apparel was $2153.77 and the books and magazines was $666.50. (The jury's verdict was for $2800.27, which would be the sum of these two items less the $20 for which the damaged goods were sold.)

She was asked "Are you basing it [the value of the goods] on your judgment and experience as to what you could get for these goods if you sold them in any market?", and she replied, "Yes, sir, at wholesale prices." Again, she testified that the value she was giving to the goods was the wholesale market value and that she knew this from her experience. On cross-examination, she once again said that the value she gave was the wholesale market value, and that she relied on her judgment of the merchandise and the cost of the items. She further testified, "I was in the market and I knew what it was worth when you want to buy it. . . ." She testified that to some degree she made up her mind as to the value by examining the books of the business and finding what her parents paid for the goods.

When counsel for the plaintiffs attempted to examine her further on the question of damages, the trial judge said, "She said she made it from her experience and knowledge and also by observing the books of her

parents. You do not have to repeat that." Again the trial judge shut off the examination of the witness by plaintiffs' counsel with, "You have already covered it sufficiently. As a matter of fact she has told us in chief that the figure of $2,153.77 was made up by her from what has been her experience and knowledge and also in a degree by reference to the books of her parents, finding out what her parents paid for the goods."

This testimony must be taken in its aspect most favorable to the plaintiffs who received the verdict and all inconsistent inferences must be rejected. *Hankins v. Mack*, 364 Pa. 417, 418, 72 A. 2d 268 (1950).

For some inconceivable reason, the court below concluded that the testimony as to market value was "form", and that the amount testified to was actually the price which her parents paid for the goods. It is quite possible, even likely, that the fair market value of the goods to which she testified was the same as the price which the plaintiffs paid for them in the market. The fact that the witness considered the fair market value of the goods to be the same as the price actually paid for the goods, does not destroy the competency of her testimony as to the fair market value of the goods immediately before they were damaged.

A reference to the notes of testimony leaves no doubt that the granting of a new trial was a gross abuse of discretion.

Order reversed and the court below is directed to enter judgment on the verdict.